UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
HUDSON PRIVATE LP and HUDSON PRIVATE :
CORP., :
 :
 : Case No. 7:21-cv-08259-CS
 Plaintiffs, :
 :
 v. : **ORAL ARGUMENT REQUESTED**
 :
BRON STUDIOS USA, INC., BRON CREATIVE :
USA, CORP., CREATIVE WEALTH MEDIA :
FINANCE CORP., and JASON CLOTH, :
 :
 Defendants. :
 :
------------------------------------- x

**JOINT REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS BRON STUDIOS USA, INC.,
BRON CREATIVE USA CORP., CREATIVE WEALTH MEDIA
FINANCE CORP., AND JASON CLOTH'S MOTION TO DISMISS**

Boies Schiller Flexner LLP
Joshua I. Schiller, Esq.
Benjamin Margulis, Esq.
55 Hudson Yards
New York, New York 10001


HERRICK, FEINSTEIN LLP
William R. Fried, Esq.
Samuel J. Bazian, Esq.
2 Park Avenue
New York, New York 10016

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT .................................................................................................................... 1

I.  PLAINTIFFS' CLAIMS AGAINST BRON STUDIOS USA MUST
    BE DISMISSED FOR LACK OF PERSONAL JURISDICTION .................................. 1

II. THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST BRON
    STUDIOS USA AND JASON CLOTH, AND THE ACCOUNTING AND
    CONVERSION CLAIMS FAIL AS AGAINST ALL DEFENDANTS .......................... 4

    A.  Plaintiffs Fail to Allege Breach of the GTS by BRON Studios USA
        or Cloth ........................................................................................................ 4

    B.  There is No Basis for Alter Ego Liability Against Cloth ..................................... 5

    C.  Plaintiffs' Accounting Claims Must Be Dismissed as Against
        All Defendants .............................................................................................. 6

    D.  Plaintiffs' Conversion Claim Fails to State a Claim Against Any
        of Defendants ................................................................................................ 7

CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
 314 F. Supp. 3d 497 (S.D.N.Y. 2018) ................................................................................. 4

*Almazan v. Almazan*,
 No. 14-CV-311 AJN, 2015 WL 500176 (S.D.N.Y. Feb. 4, 2015) ........................................ 7

*Art Assure Ltd., LLC v. Artmentum GmbH*,
 2014 WL 5757545 (S.D.N.Y. Nov. 4, 2014) .................................................................. 3, 4

*Brown v. Lockheed Martin Corp.*,
 814 F.3d 619 (2d Cir. 2016) ............................................................................................ 1, 2

*Clay Paky, S.p.A. v. Vari-Lite, Inc.*,
 2000 WL 977709 (S.D.N.Y. July 14, 2000) ....................................................................... 2

*In re Currency Conversion Fee Antitrust Litig.*,
 265 F. Supp. 2d 385 (S.D.N.Y. 2003) ................................................................................ 6

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ........................................................................................................... 2

*Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*,
 2018 WL 3639929 (S.D.N.Y. July 10, 2018), *report & recommendation
 adopted,* 2018 WL 3632524 (S.D.N.Y. July 31, 2018) ...................................................... 2

*Gucci Am., Inc. v. Weixing Li*,
 768 F.3d 122 (2d Cir. 2014) ............................................................................................... 2

*Jonas v. Est. of Leven*,
 116 F. Supp. 3d 314 (S.D.N.Y. 2015) ................................................................................ 2

*Lopez v. Shopify, Inc.*,
 2017 WL 2229868 (S.D.N.Y. May 23, 2017), ), *report & recommendation
 adopted,* 2018 WL 481891 (S.D.N.Y. Jan. 17, 2018) .................................................... 1, 2

*Pfaff v. Deutsche Bank AG*,
 2020 WL 3994824 (S.D.N.Y. July 15, 2020) ..................................................................... 2

*Popper v. Podhragy*,
 48 F. Supp. 2d 268 (S.D.N.Y. 1998) .................................................................................. 3

*RSM Prod. Corp. v. Fridman*,
 643 F. Supp. 2d 382 (S.D.N.Y. 2009), *aff'd,* 387 F. App'x 72 (2d Cir. 2010) .................... 4

*Rukoro v. Fed. Republic of Germany*,
    976 F.3d 218 (2d Cir. 2020)..................................................................................4

*Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*,
    619 F.3d 207 (2d Cir. 2010)..................................................................................1

## State Cases

*Holt v. Feigenbaum*,
    52 N.Y.2d 291 (1981) ...........................................................................................5

*McBride v. KPMG Int'l*,
    135 A.D.3d 576 (1st Dep't 2016) .........................................................................8

*Roxx Alison Ltd. v. Shutle, Inc.*,
    73 Misc. 3d 1222(A), 155 N.Y.S.3d 308 (Sup. Ct. N.Y. Cnty. 2021).......................8

*Sebastian Holdings, Inc. v. Deutsche Bank AG*,
    78 A.D.3d 446 (1st Dep't 2010) ...........................................................................7

## Foreign Cases

*Unique Lighting v. Green Servs.*,
    2019 CarswellOnt 12390, 2019 ONSC 4438 (Ont. Sup. Ct. 2019). ........................6

## Statutes

CPLR 302(a) ..................................................................................................................2

CPLR 302(a)(2) .............................................................................................................3

CPLR 302(a)(3) .............................................................................................................3

CPLR 302(a)(3)(ii).........................................................................................................3

Fed. R. Civ. P. 8(a)(1)....................................................................................................1

Fed. R. Civ. P. 12(b)(2)..............................................................................................1, 2

Defendants[1] respectfully submit this memorandum in support of their motion to dismiss.

## ARGUMENT

**I. PLAINTIFFS' CLAIMS AGAINST BRON STUDIOS USA MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

The Court should dismiss Plaintiffs' claims against BRON Studios USA ("BRON") for lack of personal jurisdiction. Unable to meet their burden of establishing personal jurisdiction, Plaintiffs instead point to a nonexistent procedural rule. Nothing in the Court's rules required BRON to identify a lack of personal jurisdiction as a basis for dismissal in its pre-motion letter. Regardless, BRON's pre-motion letter sought leave to move to compel arbitration *and to dismiss*—which this Court recognized during the conference. ECF 20 at 3; ECF 29 at 4:1-3; Mov. Brief at n.1. Thus, Plaintiffs have been on notice for almost a year that BRON *would* seek dismissal for several reasons; Plaintiffs' claims to the contrary are simply wrong. It was always Plaintiffs' responsibility to establish jurisdiction, and Plaintiffs cannot claim surprise that BRON would move to dismiss on the oft-cited ground of lack of personal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1), 12(b)(2). Indeed, courts can examine personal jurisdiction *sua sponte* where, as here, neither general nor specific jurisdiction exists. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).

*General Jurisdiction:* Plaintiffs' submissions fails to establish general jurisdiction over BRON. Since Plaintiffs concede that BRON is neither incorporated nor based in New York (*see* FAC ¶ 5), Plaintiffs must show more than "mere contacts, no matter how 'systematic and continuous,'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016), and Plaintiffs bear a "very heavy burden" of establishing general jurisdiction. *See Lopez v. Shopify, Inc.*, 2017

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them in their joint memorandum of law previously filed in support of the instant motion ("Mov. Br."). ECF 47.

WL 2229868, at *5 (S.D.N.Y. May 23, 2017), *report & recommendation adopted,* 2018 WL 481891 (S.D.N.Y. Jan. 17, 2018). The FAC does not satisfy this high bar, and the Conover Declaration cannot be considered on this issue because BRON never controverted Plaintiffs' jurisdictional allegations; it merely pointed out that they are conclusory and insufficient. *See Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) (Rule 12(b)(2) motion is decided on the "allegations . . . to the extent they are uncontroverted")

Even if the Conover Declaration is considered, it and the FAC are still deficient. First, "courts routinely find that having offices and employees in New York are insufficient bases for general jurisdiction." *Pfaff v. Deutsche Bank AG*, 2020 WL 3994824, at *5 (S.D.N.Y. July 15, 2020); *see Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (local offices do not create general jurisdiction). Second, mere business ties to New York, even when substantial, are insufficient. *See Pfaff*, 2020 WL 3994824, at *7 (operating branch office in and attaining licensing requirements in New York insufficient); *Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*, 2018 WL 3639929, at *5 (S.D.N.Y. July 10, 2018), *report & recommendation adopted,* 2018 WL 3632524 (S.D.N.Y. July 31, 2018) (operating interactive website and uploading promotional videos are insufficient); *Lopez*, 2017 WL 2229868, at *7 (trading on the New York Stock Exchange, having "multiple customers" in New York, running "several promotional events" in New York, and having an office in New York all insufficient).[2]

Plaintiffs have also failed to establish specific jurisdiction over BRON under CPLR 302(a). Plaintiffs' claims are not "arising from" any purported ties between BRON and New York because

---

[2] The decades-old cases Plaintiffs cite in support are distinguishable because they pre-date *Daimler AG v. Bauman*, 571 U.S. 117, 117 (2014), which heightened the requisite showing for general jurisdiction over a non-domiciliary defendant. *See Brown*, 814 F.3d at 627 ("[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business."); *Gucci Am., Inc.*, 768 F.3d at 135 (applying *Daimler*); *Lopez*, 2017 WL 2229868, at *7 (same). Additionally, *Clay Paky, S.p.A. v. Vari-Lite, Inc.* applied Federal Circuit law to analyze jurisdiction, and is thus inapposite. 2000 WL 977709, at *5 (S.D.N.Y. July 14, 2000).

those ties, according to Plaintiffs, either *post-date* the April 1, 2018, *Greyhound* Term Sheet ("GTS")[3]—the only alleged agreement with BRON—or do not involve *Greyhound* at all.[4] In any event, the GTS cannot constitute doing business in New York: it concerns non-New York transactions governed by Canadian law (*see* Mov. Br. at 9). Accordingly, Plaintiffs' reference to a March 2019 email that lists a *Greyhound* loan is both too disconnected from New York and too recent to create specific jurisdiction (*see* ECF 52 ¶ 21 (citing 52-7); FAC ¶ 151). Plaintiffs' remaining allegations are conclusory group-pleading (*see* Mov. Br. at 7; Opp. Br. at 6) that do not give rise to jurisdiction.

Nor can Plaintiffs invoke specific jurisdiction under CPLR 302(a)(2) or (3). First, Plaintiffs have not adequately pleaded conversion, and so the critical tort element is missing. *See* Mov. Br. 17-21; *Art Assure Ltd., LLC v. Artmentum GmbH*, 2014 WL 5757545, at *5 (S.D.N.Y. Nov. 4, 2014). Second, as to CPLR 302(a)(3), Plaintiffs have not shown an injury in New York. They merely assert that Hudson LP is headquartered in New York, but with economic torts, the site of the injury is not the plaintiff's domicile, it is where the "critical events" took place. *Art Assure*, 2014 WL 5757545, at *5. The FAC does not allege any tortious activity by BRON in New York, and the GTS suggests the activities were in Canada (*see* Mov. Br. at 9), thus barring jurisdiction under both CPLR 302(a)(2) and (3). Additionally, "for the purposes of CPLR 302(a)(3)(ii), the requisite injury in New York must be of a direct nature and not a remote, derivative, or consequential injury which occurs in New York only because the plaintiff is domiciled . . . here." *Popper v. Podhragy*, 48 F. Supp. 2d 268, 273–74 (S.D.N.Y. 1998) (holding that financial loss in New York is not sufficient to create jurisdiction). Therefore, Plaintiffs' allegation that Hudson LP

---

[3] *See* Mov. Br. 4, 9-10; FAC ¶ 43; ECF Nos. 52 ¶ 22 & 52-8 (April 26, 2019 email); 52 ¶ 23 (April 2021 call); 52 ¶ 21 & 52-7 (March 2019 e-mails); 52 ¶ 24 & 52-9 (April 21, 2021, letter).
[4] *See* ECF 52 ¶¶ 7-16; Opp. Br. 7 (citing ECF 52 ¶¶ 25, 26).

3

was "deprived" of cash (FAC ¶ 156) is insufficient. *See Art Assure*, 2014 WL 5757545, at *5 (holding that allegation "suffer[ing] lost profits and unnecessarily expend[ing] resources" is insufficient).

Because Plaintiffs have provided no material, non-conclusory allegations as to BRON that are in dispute, their request for such discovery is "an unfounded fishing expedition" and should be denied.[5] *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009), *aff'd,* 387 F. App'x 72 (2d Cir. 2010). (Likewise, their due process arguments are irrelevant because they have not satisfied the long-arm statute (*see* Bron. Br. 10)).

Finally, the Court should deny Plaintiff's belated request to amend a second time. Plaintiffs' declaration shows that amendment would be futile, because nothing in it cures the FAC's jurisdictional deficiencies. *See Rukoro v. Fed. Republic of Germany*, 976 F.3d 218, 228 (2d Cir. 2020); *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 314 F. Supp. 3d 497, 510 (S.D.N.Y. 2018).

## II. THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST BRON STUDIOS USA AND JASON CLOTH, AND THE ACCOUNTING AND CONVERSION CLAIMS FAIL AS AGAINST ALL DEFENDANTS

### A. Plaintiffs Fail to Allege Breach of the GTS by BRON Studios USA or Cloth

In their moving papers, BRON and Cloth established that they could not have breached any purported "obligations under the Greyhound Term Sheet, including full repayment of the Greyhound Loan," because the GTS—which Defendants attached to their moving papers (*see* Cloth Decl., Ex. A)—imposes no such repayment obligations on BRON and Cloth. In opposition, Hudson LP does not point to any language in the GTS that BRON and Cloth could have breached. It instead asks the Court to ignore the term sheet altogether, arguing that it does not include

---

[5] Alternatively, any jurisdictional discovery ordered should be narrowly tailored to avoid discovery into any merits issues and to focus instead only on whether there is personal jurisdiction over BRON.

Schedules A and B thereto, but Hudson fails to identify *any* term in those schedules that BRON and Cloth allegedly breached. Hudson LP's argument is absurd. In essence, Hudson LP has admitted that there is nothing in the GTS, or its schedules, that supports its claim against BRON and Cloth.[6] In other words, Hudson LP has asserted a completely unfounded claim against them and thus failed to meet its burden of identifying the term allegedly breached. *See* Mov. Br. at 12.

Plaintiffs cannot remedy this failing by claiming that the GTS is ambiguous: Plaintiffs must still identify a provision that could be reasonably read as a performance obligation on BRON and Cloth. Plaintiffs have not,[7] and cannot, because the GTS says the opposite: Creative Wealth receives the funds and is the only party identified as having "financial obligations." Cloth Decl., Ex. A at 2. The breach of contract claim against BRON and Cloth should be dismissed.

B. <u>There is No Basis for Alter Ego Liability Against Cloth</u>

Plaintiffs argue that because Ontario law permits alter ego liability against those who "expressly direct a wrongful thing to be done," they have sufficiently stated such a claim against Cloth. Opp. Br. at 23-24. But the Amended Complaint does not contain any allegation that Cloth "expressly direct[ed]" Creative Wealth to do anything wrongful. Plaintiffs accordingly rely on vague assertions that Cloth "represented" to Hudson that Creative Wealth was well-funded and advised that Creative Wealth used the funds for unrelated purposes. *See* Opp. Br. at 24. Those allegations, however, cannot support a claim for alter ego liability. While Plaintiffs assert that these allegations "permit the inference that Cloth used Creative Wealth merely as a vehicle to

---

[6] The GTS shows that the two schedules are agreements between Bron Creative USA and third-party Sony Pictures Worldwide Acquisitions Inc., and thus could not impose any obligations on BRON or Cloth to Hudson. Plaintiffs' argument that it was Defendants' obligation to attach the schedules is absurd, given that they brought this lawsuit. Still, if the Court would like to review the schedules, Defendants will make them available to the Court upon request.

[7] Plaintiffs request discovery to "clari[fy] . . . the exact roles and obligations" of BRON and Cloth "under the" GTS but they cannot bring a claim in the hope that discovery will reveal a performance obligation that was breached; they *must plead that term*. Opp. Br. at 12 & n.4. And contrary to Plaintiffs, the lack of performance obligations on BRON or Cloth has no bearing on consideration: agreeing to a payment waterfall suffices for consideration. *See Holt v. Feigenbaum*, 52 N.Y.2d 291, 299 (1981)).

5

divert funds," they are, in reality, the very kinds of "conclusory allegations" which courts have consistently held are insufficient to "state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard." *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003).

Indeed, Plaintiffs' allegations are bereft of any specificity concerning the actual words Cloth allegedly used, when he made such alleged statements, to whom he made such alleged statements, whether such alleged statements were verbal or in writing, or any other critical details. Plaintiffs' vague allegations do not present the "exceptional circumstances" necessary to justify holding Cloth personally liable, and the alter ego liability claim should be dismissed. *Unique Lighting v. Green Servs.*, 2019 CarswellOnt 12390, 2019 ONSC 4438, at ¶59 (Ont. Sup. Ct. 2019).

C. <u>Plaintiffs' Accounting Claims Must Be Dismissed as Against All Defendants</u>

In their moving papers, Defendants established that Plaintiffs' three accounting claims must be dismissed because (i) Plaintiffs fail to sufficiently allege that any of Defendants owed them a fiduciary duty; (ii) the GTS disclaims any special relationship between the parties[8]; and (iii) as to Bron Creative USA and Creative Wealth, the claims are duplicative of Plaintiffs' claims for specific performance of the Participation Agreements' accounting provisions.

In opposition, Plaintiffs do not contest—and therefore concede—that the GTS disclaims any fiduciary relationship between the parties. Opp. Br. at 14-15. Nevertheless, they argue that all Defendants owed them fiduciary duties because, under the Participation Agreements, Bron Creative USA and/or Creative Wealth agreed to collect payments on behalf of and account to Plaintiffs in connection with the underlying loans to third parties (in which Plaintiffs participated). But as Defendants stated in their moving papers, Plaintiffs have already asserted claims against

---

[8] The Bombshell Term Sheet, which Plaintiffs attach to their motion papers, contains an identical disclaimer and further confirms that Plaintiffs and Defendants did not have a fiduciary relationship. *See* ECF Doc. No. 52-13 at 3.

6

Bron Creative USA and Creative Wealth for specific performance of the Participation Agreements, and the separate accounting claims are therefore duplicative. While Plaintiffs contend that their "accounting claims are not based on specific contracts but on *the overall relationship* between the parties," (Opp. Br. at 15 (emphasis in original)), their only argument is that the Participation Agreements "memorialize a fiduciary relationship" between them, on the one hand, and Bron Creative and Creative Wealth on the other. *See* Opp. Br. 13-15.

Plaintiffs have also failed to establish a fiduciary relationship with BRON or Cloth. BRON and Cloth were not parties to the Participation Agreements, and merely being "involved in the projects" and allegedly having superior knowledge of the projects' finances (Opp. Br. at 16-17) is insufficient to establish a fiduciary duty in this arm's length transaction. *See* Mov. Br. 15-16; *see Sebastian Holdings, Inc. v. Deutsche Bank AG*, 78 A.D.3d 446, 447 (1st Dep't 2010) ("[P]arties engaged in arm's-length transactions pursuant to contracts between sophisticated business entities [] do not give rise to fiduciary duties."). This lack of a fiduciary relationship requires dismissal of the accounting claims against BRON and Cloth. *See* Mov. Br. at 16; see also *Almazan v. Almazan*, No. 14-CV-311 AJN, 2015 WL 500176, at *13 (S.D.N.Y. Feb. 4, 2015) ("The absence of such a [fiduciary] relationship is fatal to Plaintiffs' claims for an accounting.").[9]

D. <u>Plaintiffs' Conversion Claim Fails to State a Claim Against Any of Defendants</u>

Hudson LP spends five pages of its brief defending its conversion claim, yet it fails to adequately explain (i) how Cloth or BRON can be liable for conversion when neither exercised "unauthorized dominion" over Hudson LP's funds; or (ii) how its claim is proper as against Bron Creative USA and Creative Wealth when it arises out of alleged breaches of contract.

---

[9] Plaintiffs also cite to the *Bombshell* Term Sheet but BRON is not a party to that agreement. *See* Opp. Br. at 16. Plaintiffs likewise claim that the GTS mentions services by BRON, but the GTS does not obligate their performance and the GTS *disclaims* any fiduciary relationship. *See supra*, pp. 5-7.

7

With regard to Cloth, Hudson LP concedes that he did not receive any of its funds but claim he should be held liable for conversion because he allegedly "participated in the agreements in his individual capacity" and made certain "representations" about "the amounts wrongfully withheld" and "misuse of funds." Opp. Br. at 23. But even assuming these conclusory allegations were credited—they should not be—such statements do not permit the inference that Cloth was personally involved in any conversion. The only case that Hudson LP cites in support of this theory is inapposite, as it involved a company's principal who allegedly transferred "the [plaintiff's] jewelry, loose diamonds, models and molds to himself, his other companies or third parties." *Roxx Alison Ltd. v. Shutle, Inc.*, 73 Misc. 3d 1222(A), 155 N.Y.S.3d 308 (Sup. Ct. N.Y. Cnty. 2021). Here, Hudson LP does not allege that Cloth ever possessed its funds, and the conversion claim therefore fails as against him.

Plaintiffs claim against BRON turns on the assertion that BRON "repeatedly acknowledged . . . it is in possession of Hudson's funds," but this claim is (1) contradicted by Plaintiffs' filings and (2) irrelevant. Opp. Br. at 19. Hudson's *own exhibits* show that BRON was merely discussing efforts to extend its credit facility and raise financing; nowhere in the alleged correspondence does BRON "acknowledge" or even suggest that it holds Hudson LP's funds. *Compare* ECF 52-7; 52-9, *with* FAC 151-54. Even if BRON had indirectly received funds, the FAC does not allege how they would be specifically identifiable after being transferred twice, nor why BRON would be obligated to return them to Hudson. Opp. Br. 19, 20; Mov. Br. at 19-20. Indeed, Plaintiffs cannot claim conversion of funds that Plaintiffs *agreed* BRON would receive in the GTS. Opp. Br. at 18, n. 9. The conversion claim against BRON therefore fails. *McBride v. KPMG Int'l*, 135 A.D.3d 576, 579-80 (1st Dep't 2016).

As to Bron Creative USA and Creative Wealth, the conversion claim is clearly based on the alleged nonpayment of funds due and owing under the subject term sheets. Hudson LP's only argument in response is that its conversion claim is based on wrongful acts that are distinct from their breach of contract claims—*i.e.*, that Hudson LP's funds were used by Creative Wealth for unrelated purposes and that "Bron" released Fonzo via video on demand instead of by theatrical release. But the parties' alleged agreements cover what the funds were to be used for, and all other relevant terms. *See* Cloth Decl., Ex. A; ECF 52-6; 52-10 to 52-15. Hudson LP's conversion claim plainly seeks to enforce its alleged contractual bargain and should therefore be dismissed.

Finally, contrary to Hudson LP's arguments, the conversion claim does not seek the return of a specifically identifiable sum. Its Amended Complaint alleges that the amounts converted are "those monies which Hudson LP deposited with Creative Wealth, which were not spent on the pre-production, production post-production, and delivery of the above-referenced films" (FAC ¶ 157)—*i.e.*, *not* a specific sum. Moreover, Hudson LP cannot credibly argue that the funds are identifiable given its allegations that some unidentified amount may have been spent on the films' production and a remaining unidentified amount are in one or more of Defendants' possession. *Id.* ¶¶ 149, 157. Hudson LP cannot save its claim by asserting that it specified the amount it *provided* to Creative Wealth in the first place; as stated, Hudson LP does not claim that a specific, identifiable fund was converted. It therefore fails to state a claim for conversion.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that the Court grant the instant motion in its entirety.

Dated: New York, New York
November 15, 2022

                                BOIES SCHILLER FLEXNER LLP

                                By: */s/ Joshua I. Schiller*
                                        Joshua I. Schiller
                                        Benjamin Margulis
                                55 Hudson Yards
                                New York, New York 10001
                                (212) 446-2300
                                *Counsel for Defendant*
                                *BRON Studios USA, Inc.*

                                HERRICK, FEINSTEIN LLP

                                By: */s/ William R. Fried*
                                        William R. Fried, Esq.
                                        Samuel J. Bazian, Esq.
                                2 Park Avenue
                                New York, New York 10016
                                (212) 592-1400
                                *Attorneys for Defendants*
                                *Bron Creative USA, Corp., Creative Wealth*
                                *Media Finance Corp. and Jason Cloth*