

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
Fax (646) 539-3570<br>
*kaf@msf-law.com*

March 18, 2024

<u>Via ECF</u>
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   *Hudson Private LP v. Bron Studios USA, Inc., et al.*, No. 7:21-cv-08259-CS

Dear Judge Seibel:

As counsel for plaintiffs Hudson Private LP and Hudson Private Corp. (collectively, "Plaintiffs"), we write in compliance with the Court's directive to: (a) provide authority for the proposition that one defendant should be responsible for the entirety of the attorneys' fees; or (b) reasonably apportion the fees attributable to defendant Creative Wealth Media Finance Corp. ("Defendant").

"The allocation of fee liability is a matter committed to the district court's discretion." *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990) (partially abrogated on other grounds by *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001)). In determining how to allocate attorneys' fees, "district courts have appropriately considered a variety of factors … including the relative culpability of the parties … and the proportion of time spent litigating against each defendant." *Id.* "[T]he district court may allocate the fee award between the responsible parties, ... or it may hold the responsible parties jointly and severally liable for the fee award." *Id.* Accordingly, "although apportionment may in some cases be a more equitable solution, there is no rule in this circuit that requires it whenever possible." *Id.*

Here, Plaintiffs' claims essentially pertain to five film loans: (1) Hudson LP's loan to Defendant for "Fonzo" (for which Hudson LP seeks $4,067,724.94 in damages, and for which there is *no prevailing party's fees clause*); (2) Hudson LP's loan to Defendant for "Greyhound" (for which Hudson LP seeks $1,679,095.07 in damages); (3) Hudson LP's loan to Defendant for "Harry Haft" (for which Hudson LP seeks $7,116,964.54 in damages); (4) Hudson LP's loan to Defendant for "Bombshell" (for which Hudson LP seeks $5,721,331.05 in damages); and (5) Hudson <u>Corp.</u>'s loan to Defendant for "Bombshell" (for which Hudson Corp. seeks $8,197,260.27 in damages).

The record demonstrates that the balance of Plaintiffs' time was devoted to activities involving Defendant and its co-defendants jointly, including drafting the Amended Complaint and opposing various motions to dismiss. Therefore, Defendant can be held liable for *all* of Plaintiffs' legal fees.

*See Rai v. WB Imico Lexington Fee, LLC*, No. 09-cv-9586, 2017 WL 1215004, at *8 (S.D.N.Y. Mar. 31, 2017).

However, as noted above, there is no prevailing party's fees clause applicable to Hudson LP's claim, in the amount of $4,067,724.94, for damages regarding "Fonzo" and such amount is approximately 13% of the $31,393,769.28, in aggregate, sought by Plaintiffs here. Hence, the Court should reduce $154,046.23 in attorneys' fees and expenses sought by Plaintiff by 13%, to **$134,020.22**.

Respectfully submitted,

/s/ Kevin Fritz

Cc: All Counsel of Record (via ECF)
Jason Cloth (via email)

By my calculation, Plaintiffs are seeking a total of $26,782,375.90 (not $31,393,769.28). The $4,067,724.94 from Hudson LP's claim on Fonzo is about 15% of that total, so I will reduce the fee award by to $130,939, which is 15% less than the total fees incurred of $154,046.23.

SO ORDERED.

*Cathy Seibel* 3/20/24

CATHY SEIBEL, U.S.D.J.